### City of Covington, et al. v. O. F. Moore Company.

(Decided February 4, 1927.)

### Appeal from Kenton Circuit Court.

1. Municipal Corporations—Commissioners May Exercise Discretion
   in Expending Money for Governmental Purposes, so that Such
   Expenditures are Not Necessarily Fixed Charges.—In expendi-
   tures by city for governmental purposes, board of commissioners
   may exercise discretion as to amount to be expended, except
   where fixed by law or contract, and hence expenditures for gov-
   ernmental purposes are not necessarily considered as fixed
   charges.

2. Municipal Corporations—Taxpayer Attacking Validity of Contract of City has Burden of Showing Indebtedness Incurred Exceeded Limitation (Constitution, Section 157; Ky. Stats, Sections 3071, 3175, 3183).—Taxpayer attacking validity of contract of city for construction of pumping unit at city waterworks has burden of establishing its invalidity by showing that obligations created by contract, when added to anticipated expenditures for year for necessary governmental purposes and obligations created by contracts, exceeded revenue of city for such year, in violaton of Constitution, section 157, and Ky. Stats., sections 3071, 3175, 3183.

3. Municipal Corporations—Valid Contract Could Not be Invalidated by Subsequent Expenditures for Other Purposes in Excess of City Revenue.—Contract by city with another for construction of pumping unit for water system, if valid when made, could not thereafter be invalidated by city making expenditures for other purposes in excess of revenue for year.

4. Municipal Corporations—Persons Contracting with City Must Take Notice of Limitation on Power, but Need Not Anticipate Illegal Expenditures by Officers.—Persons contracting with city are bound to take notice of constitutional limitation on city's power to contract and powers of city officials to make contracts, but are not bound to anticipate that illegal claims will be incurred by officers.

5. Municipal Corporations—Person Contracting with City Must Take Notice of Error in Ordinance Overestimating Receipts or Appropriating Materially Less Sums Than Required.—Good faith of one contracting with city may depend on existence or nonexistence of fraud or mistake by board of commissioners in passing apportionment or tax ordinance, and if such ordinance materially overestimated probable receipts of city during year, or appropriated sums materially less than required to meet fixed charges, person contracting with city would be required to take notice of error whether caused by fraud or mistake.

6. Municipal Corporations—City Operating Waterworks is Under Duty to Supply Inhabitants, Though Expenditures for Other Purposes Must be Reduced.—Municipality taking over operation of waterworks is under duty to supply inhabitants with plentiful supply of pure water as well as to light and repair streets, which may necessitate reduction of expenditures for other purposes.

7. Municipal Corporations—Contract Held Not Invalid as Creating Obligation Exceeding Anticipated Revenues, where Evidence Failed to Show When Revenues were Exceeded (Constitution, Section 157).—In action involving validity of contract for construction of pumping unit for city claimed invalid as creating obligation exceeding anticipated revenue, evidence of total expenditures by various departments of city, not giving dates when expenditures were made or contracts entered into, does not show date when revenue of city for year was exceeded by expenditures, in violation of Constitution, section 157, and hence contract was not invalid.

8.  Municipal Corporations—Burden of Showing Contract was Made
    After City's Revenues were Exceeded by Expenditures is on Tax-
    payer Attacking Contract.—Taxpayer attacking contract by city
    as creating obligation exceeding anticipated revenue has burden
    of showing that revenues were exceeded at or before time when
    contract was made.

9.  Municipal Corporations—Contract should Not be Invalidated Be-
    cause City Revenues were Exceeded, where Sum Applicable to
    Contract was Not Expended for Governmental Purposes.—Where
    all statutory requirements for making contract by city to con-
    struct pumping unit to water system were complied with, and
    contract was valid on its face, contract should not be declared
    invalid, though city expenditures exceeded income, where evi-
    dence failed to show that all or part of fund applicable to contract
    was expended for indispensable governmental purposes.

A. E. STRICKLETT for appellants.

STEPHENS L. BLAKELY and JOHN T. MURPHY for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Covington is a city of the second class and is operat-
ing under the commission form of government, the board
of commissioners consisting of the mayor and four com-
missioners.  This action was brought by four taxpayers
and residents of the city to test the validity of a contract
made between the city and appellee, O. F. Moore, doing
business under the name of the O. F. Moore Company,
the contract being for the construction of an additional
pumping unit at the city waterworks.  The city owns and
operates a waterworks plant and distributes water to its
inhabitants.  The suit was brought on the theory that at
the time the contract with Moore was made the antici-
pated expenditures, which included fixed charges and ob-
ligations incurred by contracts that had been entered
into, exceeded the anticipated revenues of the city for
the fiscal year without a vote of the people.  After the
suit had been instituted and before an answer had been
filed the terms of office of two of the commissioners ex-
pired and they were succeeded by two newly elected mem-
bers.  On February 19, 1926, Moore filed an answer de-
nying the averments of the petition, and in a cross-peti-
tion he made the city a party and asked for a judgment
against it in the sum of $24,633.85, the amount due him at
the time under the contract, and thereafter a majority of
the commissioners, on behalf of the city, filed an answer
to the cross-petition in which it was alleged that the con-

tract with Moore violated section 157 of the Constitution and was void. Upon a submission of the case the chancellor found the contract valid and entered a judgment against the city for the amount claimed by Moore in his cross-petition. It is conceded the actual expenditures during the year 1925, exclusive of any payment to Moore, exceeded the income of the city for the year.

Section 3071, Kentucky Statutes, is in part as follows:

"Within the first month of each fiscal year the general council shall, by ordinance, as near as practicable, make all necessary apportionments of the revenue to be raised for such year for the expense of the several departments and for all public works, under proper headings, and for such other objects as it may be necessary to provide for. All ordinances that contemplate the appropriation of any money shall upon their second reading be referred to the appropriate committee of the board in which such ordinances are introduced, who shall obtain the endorsement thereon of the auditor to the effect that sufficient unappropriated means stand to the credit of the fund or revenue account therein mentioned to meet the requirements of such ordinances, and that the same is in the treasury, or it shall not be lawful to pass the said ordinance."

In compliance with this section of the statutes the board of commissioners on January 2, 1925, passed an ordinance apportioning the anticipated revenues for the fiscal year ending December 31, 1925, to the various departments to meet the general expenses of the city for the year. Exclusive of the school fund the anticipated revenues were estimated at $1,152,229.24. The actual revenues received during the year amounted to $1,159,340.14. To the department of public finance was apportioned the sum of $773,985.00, including the following: "Waterworks pump fund. To this fund is apportioned the sum of $140,000.00, which shall be used exclusively for the purpose of paying the cost of the installation of a new pump at the waterworks plant."

Section 3175, Kentucky Statutes, is, in part, as follows:

"All taxes and license fees shall be levied or imposed by ordinance and the purpose or purposes for which the same are levied or imposed shall be

specified therein, and the revenue therefrom shall be expended for no other purpose than that for which it is collected. Ordinances levying taxes or imposing license fees shall distinctly specify the purpose or several purposes for which the same are levied.''

Section 3183, Kentucky Statutes, provides in substance that in the month of March the general council shall pass an ordinance levying an *ad valorem* tax on the assessed valuation of the property in the city which, with the estimated revenues from other sources, shall be sufficient to meet the anticipated expenditures for the current year, and that the ordinance shall specifically fix the rate of taxation for the estimated expenditures of each department of the city government, and for such other objects and purposes as it may be necessary to provide for. On March 5, 1925, the board of commissioners passed an ordinance levying a tax for the year 1925, section 2 of the ordinance providing: ''The tax to be collected under the aforesaid levy is hereby apportioned to and for the exclusive purposes as hereinbefore stated and in accordance with the provisions of commissioner ordinance No. 1573, passed January 2, 1925, entitled 'An ordinance providing for and appropriating the anticipated revenues from all sources for the year ending December 31, 1925, and apportioning same to meet the general expenses of the city of Covington for said fiscal year.' '' This ordinance levied 21c on each $100.00 of taxable property for the waterworks pump fund, which levy raised approximately $90,000.00.

The commissioner of public property, pursuant to a resolution adopted by the board of commissioners on February 11, 1925, advertised for bids for the construction of an additional unit at the city waterworks in accordance with plans and specifications that had been adopted, and a number of bids were submitted and opened on March 25, 1925, that of appellee, amounting to $126,937.00, being the lowest. The board of commissioners entered into a contract with appellee on April 30, 1925, and he began work uinder the contract in May, 1925, and received two payments amounting to approximately $28,000.00 for his work, which the contract provided should be paid for as the work progressed at the rate of 90 per cent of the estimates. Before this contract was entered into, in compliance with section 3071, Kentucky Statutes, the commissioner of public finance and the city

auditor made the following endorsement upon the ordinance ordering the improvement to be made: "We hereby certify that there are sufficient unappropriated means available to the new pump fund, year 1925, to liquidate the cost of the within improvement."

The question for decision on this appeal is: Did the city of Covington at the time the contract was made with Moore exceed its revenues for the fiscal year 1925, thus bringing the contract within the inhibitions contained in section 157 of the Constitution?

Counsel for appellants in his brief forcefully argues that all of the expenditures for the year 1925 were for necessary governmental purposes and therefore fixed charges, and as they exceeded the revenues for the year as well as the sums appropriated to the various departments by the apportionment ordinance of January 2, 1925, the apportionments were palpably erroneous, and all revenues of the city must first be applied to the payment of these fixed charges; and there being no funds remaining to appropriate to the pump fund, the contract between the city and appellee is invalid.

Conceding for the purpose of argument that all of the expenditures were made for governmental purposes, it cannot be said they were fixed charges in the sense that the amount that would be expended for such purposes during the year was fixed at the beginning of the year. Even in expenditures for governmental purposes the board of commissioners may exercise a certain degree of discretion as to the amount to be expended, except where the amount is fixed by law or contract. In Overall v. City of Madisonville, 125 Ky. 684, 102 S. W. 278, 12 L. R. A. (N. S.) 433, this court said:

> "Another complaint is that the city, in order to buy its light plant, neglected to repair its streets, and neglected other governmental duties. There is no evidence in the record to this effect; but, if the charge were sustained, we do not see how that could vitiate its contracts with those who sold it the machinery and other equipment for the light plant. After all, the city council is to judge what public improvements are most needed by the city, and, if all that it needs cannot be got at once, to select that which is the most urgent. If any discretion is to be left in the city council, it is as to such matters. Whether it has criminally neglected its streets, so

as to render the city or the members of its council liable to penal prosecution therefor, is not shown, and, if it was, has no place in this litigation.''

Appellants fix the amount expended during the year for necessary governmental purposes at $1,184,230.91, which exceeded the total income and revenue for the year $24,890.77. Many of the items making up this total, although representing expenditures for governmental purposes, were not fixed at the beginning of the year as to the amount that might be expended during the year, that being, to some extent, within the discretion of the board of commissioners. Appellants having attacked the validity of the contract with Moore, the burden was on them to establish its invalidity by showing the obligation created by the contract, when added to the anticipated expenditures for the year for necessary governmental purposes and to obligations created by contracts theretofore entered into, would exceed the income and revenue of the city provided for the year. Carter v. Krueger, 175 Ky. 399, 194 S. W. 553; Durrett Construction Company v. Caldwell County, 196 Ky. 158, 244 S. W. 409. If the contract was valid when made it could not thereafter be invalidated by the city by making expenditures for other purposes in excess of its revenue for the year. Persons entering into contracts with a city are bound to take notice of the constitutional limitation and to know the rights and powers of the city officials to make contracts, but they are not bound to anticipate that illegal claims will be incurred by officers willing to violate the Constitution. Southern Bithulithic Company v. DeTreville, 156 Ky. 513, 161 S. W. 560; Carter v. Krueger, supra. Whether the one contracting with the city is acting in good faith may depend on the existence or nonexistence of fraud or mistake on the part of the board of commissioners in passing the apportionment or tax levying ordinances. If the apportionment ordinance materially overestimated the probable receipts of the city from taxes or other sources during the fiscal year or appropriated sums materially less than required to meet charges fixed by law or contract, those contracting with the city would be required to take notice of such error, whether caused by fraud or mistake. No such case is presented here. No fraud is charged or proven and there is no satisfactory proof the expenditures could not have been kept within the apportionments.

The only evidence introduced by appellants to show the character and amount of expenditures made during the year was furnished by an accountant who had made an examination of the city's books and who merely gave the total expenditures by the various departments of the city without giving the dates when the expenditures were made or when the contracts were entered into which authorized them. Appellants assume that all of the expenditures were indispensably necessary for governmental purposes and therefore fixed at the time the Moore contract was made. A reference to a few of the items given by the accountant will suffice to show the fallacy of such an assumption. The amount expended for street lighting during the year was $72,849.55, the appropriation ordinance having provided $65,000.000 for this purpose. The amount expended for street maintenance and repairs was $90,735.55, and in addition several thousands of dollars were expended for the construction of new streets. The proof does not show when these sums were expended nor does it show the existence or dates of any contracts for lighting or repairing streets. Even if lighting and repairing streets are treated as governmental duties devolving on the city, the board of commissioners has a wide discretion in the amount to be expended for these purposes. If a municipality takes over the operation of a waterworks it becomes its duty to supply its inhabitants with a plentiful supply of pure water as well as to light and repair its streets for their convenience and safety, and to carry out this duty it may become necessary to reduce the expenditures for other, though desirable, purposes. The proof as to the character and amount of the expenditures for all other purposes during the year is subject to the same criticism as the proof relative to expenditures for lighting and repairing the streets. As said by the chancellor in his opinion when referring to the evidence:

"There is not any witness who testified to any facts as to what expenditures were made in the previous year for that purpose (repairing streets), only a general statement of a witness that they were not unusual. This is applicable throughout to such items as were sought to be made fixed charges by a mere comparison of expenditures for those purposes in the previous year. This would be wholly insufficient as proof, even if the nature of the expenditure

would be susceptible of being made a fixed charge by such comparison."

The appellants fail to show the state of the city's finances at the time when the Moore contract was made, and from the record it is impossible to determine the date when the revenues of the city for the year were exceeded. It is clear that the board of commissioners violated section 157 of the Constitution at some time during the year, but the burden was upon appellants to establish that this was done at or before the time the Moore contract was made. In Durrett Construction Company v. Caldwell County, *supra,* this court said:

"Nor have we been able to observe any merit in the defense that the fiscal court, in letting the contract, exceeded its authority under section 157 of the Constitution. The determination of that question depends on the facts in evidence, for it is certainly true that, if the appropriation for the work, whatever amount was done, exceeded the expendable revenues of the county for the year, to that extent there can be no recovery on the contract. Nevertheless, it was obligatory on the county to establish its defense in this respect, as it will be presumed that the fiscal court acted within its authority in letting the contract. And it may be stated here that the defense cannot be established by merely showing what the county received and expended for the year, but the state of the county finances at the date when the contract was made must also be shown. To meet this requirement it was necessary for the county to show what indebtedness it had incurred prior to the making of the contract, and also the total of the county's fixed constitutional and statutory expenses for the balance of the year. . . . The exhibit filed by the county clerk, showing the amount of taxes collected and the expenditures made, is wholly insufficient to meet these requirements, and this is true, even if the alleged indebtedness of approximately $19,000.00, brought over from preceding years, be considered in arriving at the fixed expenses for the year 1915. It is not shown in the statement of expenditures for that year when the appropriations for the expenditures were made, with reference to the date of the contract in question, and therefore,

the priority of right as between them and the indebt-edness in dispute here is unascertainable. In view of these deficiencies in the proof, the presumption that the fiscal court acted within its constitutional authority is conclusive.''

The facts in this case bring it within the rule an-nounced in the Durrett Construction Company case. The contract on its face is valid. At the time it was made all statutory requirements had been complied with. Suffi-cient funds had been apportioned for the work covered by the contract, a tax levied and the proper officials had cer-tified there was a sufficient sum in the fund to meet the requirements of the contract. While the tax levied did not raise a sum equal to the amount of the contract the city received large revenues not raised by the tax levy, and these revenues were considered when the apportion-ment was made. The appellee has done all in his power to protect himself and he should not suffer when the evi-dence fails to show that all or any part of the fund that should have been applied on his contract was expended for indispensable governmental purposes.

The finding of the chancellor being in accordance with the views herein expressed, the judgment is affirmed.