# Cahill-Swift Manufacturing Company v. City of Bardwell.

(Decided May 3, 1927.)

## Appeal from Carlisle Circuit Court.

Municipal Corporations.—City could not avoid liability for purchase of water pipes and connections for waterworks system under Constitution, section 157, prohibiting city's indebtedness to amount exceeding income and revenue for current year, where city had on hand, uncontracted for at time of purchase, amount in excess of purchase price, though total cost of waterworks system subsequently incurred exceeded amount realized from sale of bonds which could be legally spent for that purpose.

BEN S. ADAMS for appellant.

J. E. ROBBINS for appellee.

Opinion of the Court by Commissioner Sandidge— Reversing on appeal and affirming on cross-appeal.

In 1902 a $9,000 bond issue, was voted by appellee municipality to provide funds with which to install a system of waterworks. Sale of the bonds was made at $9,660, which the municipality could use for the purpose. It undertook the installation of the improvement itself, purchasing equipment, materials, and supplies from many sources, and hiring the labor as the work progressed. It purchased water pipe and connections for the mains from appellant, and issued its warrants on the city treasurer for payment. A portion of the warrants were not paid, and in 1905 action was instituted by appellant against appellee to recover the unpaid balance due. That action was settled by agreement of the parties in 1909, when appellee agreed that it owed appellant $2,271.86, which it agreed to pay in ten equal installments, the first to be paid December 1, 1911, and one on each December 1st of the next ensuing nine years. Appellant agreed to the amount and terms of settlement, and the municipality issued to it ten warrants in accordance therewith, and the action was dismissed settled. Three of these new warrants were paid, and the others were not. This action was then instituted to collect them. The first trial resulted in a judgment for appellee, which was appealed to this court and reversed. Cahill-Swift Manufacturing Co. v. City of Bardwell, 211 Ky. 482 277 S. W. 812. It was held that appellant was entitled to a directed verdict for the amount sued for.

Upon the return of the case, appellee, city of Bardwell, by an amended pleading, sought to avoid the payment of the warrants sued on upon the ground that the debt for which they were issued was created in violation of section 157, of our Constitution. Upon the submission of the issue raised by this new pleading and the response, the jury returned a verdict in favor of appellant for $1,500, which was less than the full amount of the warrants sued on and allowed no interest. Appellant prosecutes the appeal from that judgment, and appellee has prosecuted a cross-appeal.

Waiving the question whether the trial court abused its discretion in permitting the amendment to be filed, and also that as to whether this question was precluded by the settlement of the former action, we shall proceed to the chief question presented by the appeal.

Assuming that the entire revenue levied or that could have been levied for the year 1902 was otherwise contracted, and that no part of it was available in payment of the obligations incurred in constructing the waterworks, it is conceded that there was on hand from the sale of bonds $9,660 that could be legally spent for that purpose. There is a total failure of proof that the obligations incurred by the municipality prior to that which it incurred with appellant in purchasing the pipe and connections had consumed the $9,660, or that its obligation to appellant ran the total of its obligations beyond that sum. The total cost of the system of waterworks approximated $16,000. It is insisted for appellee that, because of that fact, none of the obligations which it incurred in constructing it was valid beyond its proportionate part of the $9,660. It insists that the record establishes that appellant received its proportionate part of the $9,660 on its claims against the city, and hence that it was entitled to a directed verdict.

A situation very similar to that here presented was before the court in City of Covington v. O. F. Moore Co., 218 Ky. 102, 290 S. W. 1066, where it was said:

"Appellants having attacked the validity of the contract with Moore, the burden was on them to establish its invalidity by showing the obligation created by the contract, when added to the anticipated expenditures for the year for necessary governmental purposes and to obligations created by contracts theretofore entered into, would exceed the income and revenue of the city provided for the year. Carter v. Krueger, 175 Ky. 399, 194 S. W. 553; Durrett Construction Company v. Caldwell County, 196 Ky. 158, 244 S. W. 409. If the contract was valid when made, it could not thereafter be invalidated by the city by making expenditures for other purposes in excess of its revenue for the year. Persons entering into contracts with a city are bound to take notice of its constitutional limitation and to know the rights and powers of the city officials to make contracts, but they are not bound to anticipate that illegal claims will be incurred by officers willing to violate the Constitution. Southern Construction Co. v. De Treville, 156 Ky. 513, 161 S. W. 560; Carter v. Krueger, supra."

The principles there announced are conclusive of the question presented by this appeal. Having utterly failed to establish that, before the municipality contracted with appellant for the water mains, pipes, and connections, it had entered into a contract for other materials and labor which consumed the $9,660 it had which it could lawfully expend in constructing the water system it failed to establish that the contract entered into with appellant was invalid. There was no issue of fact to submit to the jury, and the trial court erred in refusing the peremptory instruction offered by appellant.

For the reasons indicated, the judgment is reversed on the appeal and affirmed on the cross-appeal, and cause remanded for proceedings consistent herewith.