## Hayes v. Moore.

(Decided February 10, 1931.)

C. F. SEE, Jr. for appellant.

A. O. CARTER and R. C. McCLURE for appellee.

OPINION OF THE COURT BY COMMISSIONER CREAL—
Affirming.

At the last regular election for city officers of the
city of Louisa, A. R. Cain was elected mayor and con-
tinued in such office until the 7th day of October, 1930,
when, at a regular meeting of the city council of the city,
he tendered his resignation which was then and there
accepted.

At this meeting of the council, and before any busi-
ness was transacted, R. S. Hayes was appointed mayor
pro tem., A. R. Cain having been absent from the meet-
ing. The resignation discloses that Mayor Cain had been
confined to his home for some months prior to his resig-
nation, and thereby prevented from presiding at meet-
ings of the city council; and the record discloses that in
such instances R. S. Hayes was appointed to act as mayor
protem.

The regular meeting held on October 7th, was
adjourned to meet again on the 11th day of October,
1930, for the purpose of electing a successor to Mr. Cain
and to make a settlement with Harry Carroll, the city
auditor.

By stipulation between the attorneys for their re-
spective parties, it is agreed that what purports to be a
copy of the minutes of the meeting of the council on the
11th day of October is a correct copy of the minutes of
that meeting. Said copy reads as follows:

"Proceedings of Regular Adjourned Meeting Held
October 11, 1930.

"There was present C. F. See, Jr., city attor-
ney, R. S. Hayes, J. K. Jordan, Wayne McCoy and
John Vaughan and Arbie Weaver, councilmen.

"The purpose of the meeting was to elect a
Mayor and make settlement with Harry Carroll,
auditor.

"Upon motion of J. K. Jordan, seconded by
Arbie Weaver, R. S. Hayes was appointed Mayor by
unanimous vote of all councilmen.

"Upon motion of J. K. Jordan, seconded by
Wayne McCoy, that a vote be taken on J. L. Moore
for mayor, the following members voting for J. L.
Moore: J. K. Jordan, Wayne McCoy and John
Vaughan.

"Whereupon, J. L. Moore was declared elected mayor and took the following oath and also the constitutional oath.

"I, J. L. Moore, Mayor elect, do solemnly swear that I will perform the duties of the office of Mayor to the best of my ability, skill and judgment.

"J. L. Moore.

"Subscribed and sworn to before me by J. L. Moore this 11th day of Oct. 1930.

"Ernest F. Wellman, City Clerk.

"———— City Clerk ———— Mayor.

"The City Council met on the 11th day of October, 1930. It being the time of an adjourned meetnig. The following councilmen being present to-wit: Sid Hays, Kay Jordan, Wayne McCoy, John Vaughan, and Arbie Weaver, Sid Hays one of the council was elected to preside over the meeting and thereupon the council proceeded to elect a mayor.

"J. L. Moore was placed in nomination, no other nomination being made and the nominationof J. L. Moore being seconded and the Mayor pro tem. refusing to call the vote on the nomination of J. L. Moore, councilman J. K. Jordan put the vote to the council present and J. L. Moore received the following votes: Kay Jordan, Wayne McCoy, and John Vaughan. and said J. L. Moore was declared elected.

"J. L. Moore appeared and took the oath of office and entered upon the duties thereof."

On October 28, 1930, R. S. Hayes, filed his petition in the Lawrence circuit court, in which he sets up the proceedings had at the meetings of the city council on the 7th and the 11th of October, and alleges that, having been elected mayor pro tem. at the meeting of the 7th, he became mayor in fact upon the acceptance of the resignation of A. R. Cain; but that, if mistaken in that, he was elected mayor at the meeting of the council held on the 11th to succeed Mr. Cain. He further alleges that J. L. Moore has usurped the office of mayor of the city of Louisa and is claiming his right to said office under his election as shown by the minutes of the meeting held on October 11th.

To this petition the appellee and defendant below interposed a demurrer and without waivng that filed answer. The answer, in addition to a traverse, affirmatively asserts that at the meeting of the council held on

the 11th of October, R. S. Hayes was not elected mayor of Louisa to fill out the unexpired term of Mr. Cain, but was simply designated to preside over that meeting. Thereafter, appellee was placed in nomination and received a majority of the votes of the five members present at the meeting.

Proof was taken by both parties in an attempt to show what occurred at the meeting of the city council held on the 7th and 11th of October. By a stipulation, which appears in the record, summons is waived, and it was agreed that the whole record be taken before Judge Woods in Boyd county and there submitted to him for trial, to have the same effect as if tried in Lawrence county, without prejudice to the rights of the parties to an appeal from the judgment of the circuit court.

While there is some conflict in the evidence as to what occurred at the meeting held on the 11th, it preponderates to show that R. S. Hayes was selected to preside over the meeting, and J. L. Moore was thereafter nominated and elected mayor to fill out the unexpired term, and that he thereupon took the oath of office.

Contention is made that, while the resignation of Mr. A. R. Cain was handed to the mayor pro tem by a nephew of Mr. Cain while the council was in session at its meeting held on the 7th, same was prematurely accepted by the council, in as much as the resignation bore date October 8, 1930.

The chancellor in the court below entered a written opinion and judgment, in which he held that the council, at its meeting on October 7th, prematurely accepted the resignation of A. R. Cain, as it was dated October 8th. He, in substance, further held that, at the meeting held on October 11th, R. S. Hayes was appointed to preside over the meeting, and after the meeting was in regular session, J. L. Moore was elected mayor, and that his election had the effect of accepting the resignation of Cain as mayor, and he adjudged that the demurrer to the petition be sustained, and, as it could not be amended under the stipulations filed, that the petition be dismissed.

Counsel for appellant cites and relies upon the case of Cahill-Swift Mfg. Co. v. City of Bardwell, 211 Ky. 482, 277 S. W. 812, in support of his contention that, upon the appointment of R. S. Hayes, as mayor pro tem, after the resignation of Mayor Cain was accepted, he became mayor in fact. In that case, Mr. J. T. Davis resigned as

mayor of the city, and the council, instead of filling the vacancy, elected M. T. Shelbourne mayor pro tem at subsequent meetings of the council. The city was resisting payment of warrants which had been signed by Mr. Shelbourne on the ground that he had not been appointed mayor pro tem on the day the warrants were signed; but this court held that under the circumstances Mr. Shelbourne was the mayor.

In the case here it appears from the records of the city council and the proof submitted by agreement that, at the meeting of the council held on October 7th, and in the absence of the mayor, Mr. Hayes was elected mayor pro tem, and thereafter the resignation of Mr. A. R. Cain, the mayor, was presented to and accepted by the council. This meeting adjourned to October 11th for the purpose of making a settlement with the city auditor and to elect a mayor. When the members of the council assembled for the adjourned meeting on the 11th, Mr. Hayes was appointed or elected to preside over the meeting, and thereafter Mr. J. L. Moore was elected mayor to fill out the unexpired term of Mr. Cain. Mr. Hayes was never actually mayor pro tem, after the resignation of Mr. Cain was accepted, except and only for the purpose of presiding over the meeting at which the successor to Mr. Cain was to be chosen.

The action of the council in accepting Mr. Cain's resignation on the 7th of October was not premature because of the fact it was dated October 8th. Obviously, the resignation was dated the 8th by mistake or inadvertence, and, if it had been the intention of Mr. Cain to defer the effective date of his resignation, he would have tendered his resignation to become effective as of the 8th. But the fact that the chancellor held that it was premature is not material, as he correctly held that R. S. Hayes was only appointed or elected mayor pro tem to preside over the meeting of October 11, 1930, and that, after the meeting was organized for business, J. L. Moore was placed in nomination for mayor of the city and received a majority of the votes of the members present at the meeting, and that he thereupon qualified and became mayor of the city.

Judgment affirmed.