## Buford, County Judge v. Jessamine County.

(Decided October 12, 1920.)

### Appeal from Jessamine Circuit Court.

1. Counties—Creation of Bonded Debt.—The fiscal court of the county has no power to issue bonds for the purpose of funding a valid existing debt due by the county unless authorized so to do by a vote of the people.

2. Counties—Creation of Unauthorized Bonded Debt—Duty of Fiscal Court.—When a fiscal court has created without a vote of the people authorizing it a bonded debt to take the place of a valid debt evidenced by interest bearing warrants the court should enter an order directing the holders of the bonds to present them for payment and issue interest bearing warrants in a sum sufficient to raise the money needed to pay the bonds.

JOHN H. WELCH, E. B. HOOVER and BRONOUGH & BRONOUGH for appellant.

WILLIAM J. BAXTER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Affirming.

In 1916 the county of Jessamine had a valid floating debt of $43,000.00, evidenced by outstanding interest bearing warrants issued by the fiscal court. The fiscal court thought it would be better to convert this indebtedness into a bonded debt, and accordingly issued, without

the authority of a vote of the people of the county, bonds amounting to $43,000.00 payable in different installments extending over a period of years, from 1921 to 1936.

In 1918 the fiscal court, for the purpose of paying interest on this bonded debt, directed the clerk of the court to draw an order on the treasurer of the county for a sufficient sum to pay the interest due on May 1, 1918. From this order the county attorney of Jessamine county, in the name of the county, prosecuted an appeal to the circuit court contending in that court, as he did in the fiscal court, that the fiscal court had no power to appropriate funds to pay the interest on this bonded debt. When the case came on for hearing in the circuit court that court adjudged that the bonds issued and which had been sold to purchasers for value were void, and further adjudged that the fiscal court had no power to appropriate public funds for the payment of the interest.

From that judgment the fiscal court has prosecuted this appeal.

An extended opinion in this case need not be written as the question involved has been fully settled by this court in the cases of McCronklin v. Nelson County Fiscal Court, 174 Ky. 308; Nelson County Fiscal Court v. McCronklin, 175 Ky. 199. In those cases it appeared that the Nelson county fiscal court had done exactly as the Jessamine county fiscal court did in this case, and we said that the fiscal court had no authority to create unless directed so to do by a vote of the people a bonded debt against the county, and further that if the indebtedness represented by the bonds was a valid indebtedness the indebtedness must be paid by the county. We further said: "It is proper here to observe that the fiscal courts which have issued such unauthorized bonds should be required to call them in and in lieu thereof issue interest bearing warrants." In an effort to make this matter so plain that there cannot be any doubt about the position of this court, we again repeat that when a fiscal court has unlawfully issued bonds as in this case for the purpose of funding a valid floating debt, it should enter an order directing the holders of the bonds to present them for payment and issue interest bearing warrants payable at the pleasure of the court in a sufficient sum to raise the money needed to pay the bonds and the interest due thereon. This is what the Jessamine fiscal court should do.

Wherefore the judgment of the circuit court is affirmed.