## Vaughn v. City of Corbin, et al.

(Decided January 11, 1927.)

### Appeal from Knox Circuit Court.

1. Municipal Corporations—Funding of Floating Indebtedness by Bonds, Payable Over 30-Year Period, Held Not Abuse of Discretion. —Where city, having failed to make sufficient levy in past years, passed ordinance for bonding issue, payable over 30-year period, to fund heavy floating indebtedness, such action held not abuse of discretion warranting disturbance by court.

2. Municipal Corporations—Council has Power to Issue Bonds to Fund Floating Indebtedness from Failure to Make Sufficient Levy Authorized (Constitution, Sections 157, 158; Kentucky Statutes, Section 3284).—In view of Constitution, sections 157, 158, and Kentucky Statutes, section 3284, city council held to have power to issue bonds covering heavy floating indebtedness, not sufficiently covered by levy in past.

3. Municipal Corporations—Power to Issue Bonds to Fund Floating Indebtedness is as Broad as Power to Incur Indebtedness.—Power to issue bonds to fund floating indebtedness is as broad as power to incur such indebtedness; issuing of bonds to fund floating debt adding nothing to indebtedness, merely changing form thereof.

T. E. MAHON for appellant.

T. B. CULTON and STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

On November 5, 1926, the common council of the city of Corbin enacted an ordinance providing for the issuing of $75,000.00 of bonds of the city to fund the floating indebtedness of the city, payable with interest at 6%, one-third in ten years; one-third in twenty years and one-third in thirty years. The ordinance also provided for the levying of a tax sufficient to pay the interest on the bonds and to provide a sinking fund sufficient to pay them at maturity. W. E. Vaughn, a taxpayer of the city, brought this action under the declaratory judgment act to test the validity of the ordinance. After setting out the ordinance the petition alleges that Corbin is a city of the third class having an actual *bona fide* resident population of more than 11,500 persons. It owns the electric light system and water works system and gets a large income therefrom. The total assessed value of all the property in the city, including valuation of franchises for the

year 1925, was $3,004,357.00. The assessment for 1926 had not been completed when the petition was filed and it was averred that it would be somewhat larger than the assessment for 1925. The city has heretofore voted three bond issues. It has on hand a sinking fund of $23,575.79, and when this sinking fund is paid out, as it will be about January 1st, and before the bonds are issued, the city will have an outstanding bonded indebtedness of $84,000.00. The indebtedness of the city is admitted in the petition to be valid. It has arisen in this way. By the Constitution only a tax rate of 75 cents may be levied in cities of this size for municipal purposes. The council in making annual levies thought it was bound by this limitation, although a large part of the tax levied was levied to pay the interest on the bond issues and create a sinking fund. In this way a sufficient levy was not made to pay current expenses. The town is a railroad center. Some years ago there was a prolonged railroad strike and the town spent, and had to spend, a very large amount of money in maintaining order. In addition to this, to protect the health of the residents, it had to enlarge its waterworks and build pits to dispose of the sewage of the city and there were some other extraordinary expenses, by all of which a floating debt of $75,000.00 was incurred.

The circuit court sustained a demurrer to the petition and dismissed the action. The plaintiff appeals.

It is insisted for the appellant that the city having failed to make a sufficient levy as it should have done in the years that are past, ought now to make a levy for those years and pay off its indebtedness. But this would impose upon the people of the city a very great burden in one year; for to raise $75,000.00 in one year in addition to its othewise necessary levy would require a very heavy tax in a city of this size. The common council to avoid this passed the ordinance for the bond issue, as actions are pending against the city and the money must be raised. The discretion of the council in a matter of this sort will not be controlled by the court unless plainly abused. If the council had power to pass the ordinance, clearly its discretion was not abused here. So only the question of power is presented.

It is well settled under section 157 of the Constitution (providing that a city shall not become indebted to an amount exceeding in any year the income and revenue provided for such year without a vote of the people),

that the revenue provided for the year is not the revenue actually levied, but the levy which the council was authorized to make. City of Providence v. Providence Electric Light Company, 122 Ky. 237; Overall v. The City of Madisonville, 125 Ky. 684; Carter v. Krueger & Co., 175 Ky. 407.

It is also well settled that the limitation of 75 cents in section 157 of the Constitution does not include levies made to provide a sinking fund for bond issues voted by the people, and that the city council may levy 75 cents for other purposes beside the necessary levy to provide for the payment of the bonds. Montgomery Fiscal Court v. Trimble, 104 Ky. 629; Fowler v. Oakdale, 168 Ky. 603; Winchester v. Nelson, 175 Ky. 63; Nall v. Elizabethtown, 200 Ky. 321. If the council had made year by year the levies it was authorized to make, the floating debt would not have been incurred. The debt results from the failure of the council to make a sufficient levy as it was authorized to do.

Section 158 of the Constitution provides that cities of this class shall not become indebted in the aggregate more than 5% on the value of the taxable property therein, "to be estimated by the assessment next before the last assessment previous to the incurring of the indebtedness," but the concluding words of this section are as follows:

"Nothing herein shall prevent the issue of renewal bonds, or bonds to fund the floating indebtedness of any city, town, county, taxing district or other municipality."

Section 3284, Kentucky Statutes, governing cities of the third class, provides:

"Subject to the limitations imposed by the Constitution and this act, the council shall have the power to contract debts and to borrow money, and to issue the bonds of the city therefor, and to control the finances and the property of the city. The common council shall also have the power to issue bonds in renewal of any bonds theretofore lawfully issued, and to fund any floating indebtedness of the city lawfully contracted. No bonds of the city shall be sold below par."

It was held in Bosworth v. City of Middlesboro, 190 Ky. 253, that the indebtedness is incurred upon the sale and delivery of the bonds. If the assessment for 1926 is completed before the sale and delivery of the bonds, the amount of indebtedness that may be incurred under section 158 of the Constitution would be determined by 5% of the assessment for 1926. But it will be observed that bonds issued to fund the lawfully contracted floating indebtedness of any city are excepted out of the operation of that section. It results, therefore, that the city council has power to issue the $75,000.00 of bonds, although this may increase the bonded indebtedness of the city beyond the limit fixed in that section.

When in any year a levy sufficient to cover necessary expenses incurred was not levied, the unpaid balance should have been provided for in the levy for the next year. But the failure to do this did not invalidate the debt and the council had power then to fund this debt. This is true as to each succeeding year, and the power of the council to fund this debt exists now as it did at the end of each year and may be exercised now at one time. There is no suggestion in the record that the excess of indebtedness now shown was not properly created under the constitutional provision. Its validity is conceded in the pleading. The issuing of bonds to fund a floating debt adds nothing to the indebtedness of the city. It merely changes the form of the existing debt. The power to fund a floating indebtedness is as broad as the power to incur such indebtedness.

Judgment affirmed.