## Wilson, et al. v. City of Covington, et al.

(Decided June 24, 1927.)

### Appeal from Kenton Circuit Court.

Municipal Corporations.—To avoid imposition of heavy burden on people in one year by levying tax sufficient to make payments on contract for construction of well and installation of electric pump at city waterworks, city was authorized to issue funding bonds in amount not increasing its indebtedness beyond limit fixed by Constitution, section 158.

SAWYER A. SMITH for appellants.

A. E. STRICKLETT for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

On April 30, 1925, the board of commissioners of the city of Covington entered into a contract with O. F. Moore, whereby he was to furnish all the material and labor and construct a dry well and install an electric pump at the city waterworks for the sum of $126,937. The validity of this contract, and of the debt thereby created, was upheld by this court in the City of Covington v. O. F. Moore Co., 218 Ky. 102, 290 S. W. 1066. The city made certain payments upon the contract, and, the balance due thereon being something over $100,000, it enacted an ordinance authorizing the issue and sale of funding bonds of the city in the sum of $100,000, to be known as "waterworks improvement bonds," the proceeds to be used for the completion of the contract and the payment therefor. L. B. Wilson and Henry S. Hawkins filed this suit to require the city to make these pay-

ments by an additional levy and to restrain it from issuing the bonds. The circuit court dismissed the petition. The plaintiff appeals.

This court had a similar case before it in Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104. In that case, sustaining the issuing of the bonds, the court said:

> "The issuing of bonds to fund a floating debt adds nothing to the indebtedness of the city. It merely changes the form of the existing debt. The power to fund a floating indebtedness is as broad as the power to incur such indebtedness."

Section 158 of the Constitution provides:

> "The respective cities, towns, counties, taxing districts and municipalities shall not be authorized or permitted to incur indebtedness to an amount, including existing indebtedness, in the aggregate exceeding the following named maximum percentages on the value of the taxable property therein, to be estimated by the assessment next before the last assessment previous to the incurring of the indebtedness, viz.: Cities of the first and second classes, and of the third class having a population exceeding fifteen thousand, ten per centum (10%)."

Covington is a city of about 60,000 people. The assessed valuation of the property of the city is something over $47,000,000 for the year 1927; for the year 1926 it was something over $46,000,000. The outstanding bonds and indebtedness of the city is $2,423,900. It will thus be seen that the issuing of these bonds will not increase the indebtedness of the city beyond the constitutional limits. To impose upon the people of the city a tax sufficient to make the deferred payment and meet the other payments as they are due would be to impose upon them a heavy burden in one year. To avoid this the city was authorized, in the discretion of the municipal authorities, to issue funding bonds in a case like this to avoid a very heavy rate of taxation in one year. The city commissioners did not exceed their authority in issuing the bonds, and the circuit court properly dismissed the petition.

Judgment affirmed.