## Wilson, et al. v. City of Covington, et al.

(Decided June 24, 1927.)

### Appeal from Kenton Circuit Court.

1. Municipal Corporations.—City Commissioners should make annual general tax levy sufficient to pay deficit from preceding year, as well as general expenses of current year, in view of Constitution, sections 159, 180, requiring annual levy sufficient to pay interest on indebtedness and create sinking fund for payment of principal, and prohibiting devotion of taxes levied for one purpose to another purpose.

2. Muncipal Corporations.—If city council fails to do its duty, under Constitution, sections 159, 180, to levy annual tax sufficient to pay interest on indebtedness, and create sinking fund to pay principal, and make general levy sufficient to pay deficit from preceding year, any person interested may have error corrected by proper proceedings.

3. Municipal Corporations.—City cannot issue bonds or become indebted beyond constitutional limit to pay indebtedness arising from council's failure to levy annual taxes sufficient to pay interest thereon, and create sinking fund for payment of principal, and make general levies sufficient to pay deficits, as required by Constitution, sections 159, 180.

4.   Municipal Corporations.—Issuance of municipal bonds for payment
     of valid outstanding notes and warrants, in consequence of coun-
     cil's failure to levy annual taxes sufficient to pay interest thereon,
     and provide sinking fund for payment of principal, and make gen-
     eral levies sufficient to pay deficits, as required by Constitution,
     sections 159, 180, held warranted.

SAWYER A. SMITH for appellants.

A. E. STRICKLETT for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

The question involved on this appeal is the proposed
issue of bonds in the sum of $140,000, for the payment of
outstanding notes and warrants, issued by the city of
Covington, becoming due July 10, 1927. The city has
sold the bonds proposed to be issued at a premium of
$1,834. The bonds bear interest at 4½ per cent., payable
semiannually, and are redeemable over a period of 20
years. The validity of the floating debt is conceded. It
is also conceded that the credit of the city is at stake and
should be maintained. The floating debt was created by
the failure of the city to exercise its full taxing power for
1924, 1925, 1926, and 1927, and appellants insist that the
city should now levy a tax to pay the debt and not issue
bonds. The precise question was before the court in
Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104,
and the court held that the city had authority to issue the
bonds. That rule was adhered to in Wilson, et al. v. City
of Covington, 220 Ky. 798, 295 S. W. —, this day decided.

The debt of $140,000 is now evidenced by warrants
or obligations, bearing interest at 6 per cent. The trou-
ble has arisen in this way: The city made a levy to meet
the interest on its bond debt, and to provide a sinking
fund each year, which lacked something like $27,000 of
being sufficient, and to make up the deficiency the council
used money to this extent from the general fund of the
city. In this way a floating debt accumulated from year
to year. In addition to this the board of education in-
creased the amount which had before been levied for it,
and the council, unwilling to increase the total amount of
the levy, simply cut down the levy for general purposes
to this extent. The total amount of the bonded indebted-
ness of the city is about 5 per cent. of the total assessed
value of the property in the city. So the bonds in ques-

tion may be issued without going beyond the 10 per cent. limit provided in the Constitution. The city must either pay the debt or repudiate it. The commsisioners rightly concluded that there was no ground for repudiating the debt and that it would be an undue hardship on the people to levy a tax now sufficient to pay off the debt in one year when it could be provided for by issuing bonds and selling them at a premium that cut down the rate of interest which the city is paying. The trouble has arisen from the city authorities not observing the provisions of the Constitution. Section 159 of the Constitution provides:

> "Whenever any city, town, taxing district or other municipality is authorized to contract an indebtedness, it shall be required, at the same time, to provide for the collection of an annual tax sufficient to pay the interest on said indebtedness, and to create a sinking fund for the payment of the principal thereof, within not more than forty years from the time of contracting the same."

Under this provision of the Constitution the city should have made each year a levy sufficient to pay the interest on the indebtedness and create a sinking fund for the payment of the principal as it fell due. Section 180 of the Constitution provides:

> "Every act enacted by the General Assembly and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax, shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose."

Under this provision it was the duty of the council to keep separate the fund levied to pay the interest and create a sinking fund from the fund levied for general purposes, and neither of these funds should be devoted to another purpose, or mixed with the other fund. The city commissioners should each year make a levy sufficient to pay the general expenses, and, if there is any deficit at the end of the year, this should be included in the estimate for the next year, and a levy should be made sufficient to pay the deficit, as well as the expenses of that year. If the city council fails to do its duty in these matters, any person interested may, by proper proceedings have the error corrected. If the error is not corrected

and runs along for several years, as here, the debt remains, but in no event can the city issue bonds beyond the constitutional limit, or become indebted beyond this limit. The record discloses a condition of things that should not have been permitted to continue. But the debt is valid. The credit of the city should not suffer, and, under the facts shown, the issuing of the bonds was warranted.

Judgment affirmed.

## Wilson, et al. v. City of Covington, et al.

(Decided June 24, 1927.)