### Davis v. City of Newport, et al.

(Decided May 18, 1928.)

### Appeal from Campbell Circuit Court.

Municipal Corporations.—Proposed funding bonds to be issued by city for payment and redemption of notes, judgment, and claims against city caused by failure of commissioners to levy sufficient taxes to meet city's expenses held valid, under Constitution, sec. 158, as merely changing form of existing debt of city and not involving new indebtedness.

HUBBARD SCHWARTZ for appellant.

BLAINE McLAUGHLIN for appellees.

OPINION OF THE COURT BY COMMISSIONER WHEELER—
Affirming.

On April 9, 1928, the appellant Edward J. Davis, a citizen taxpayer of the city of Newport, a city of the second class, filed his petition in the circuit court of Campbell county asking that the appellees be enjoined from issuing and selling $100,000 bonds of said city.

Demurrer was filed by the appellees to the petition and same sustained by the court. Appellant failing to further plead, the petition was dismissed and he prosecutes this appeal. The city of Newport conducts its governmental affairs under what is commonly known as "commission form of government," being composed of the mayor, commissioner of public finance, commissioner of public property, commissioner of public works, and commissioner of public safety, together constituting the commissioners of said city under the commission form of government, and as such they are duly vested with all executive, legislative, and administrative authority for said city.

The first paragraph of said petition is as follows:

"He states that said board of commissioners acting for and on behalf of the defendant city of Newport, by Commissioners' Ordinance No. 843, entitled 'An ordinance authorizing the issue and sale of funding bonds of the city of Newport, Ky., in the sum of $100,000, the proceeds of which to be used for the payment and redemption of notes, judgments, and claims of the city of Newport, Ky., in a like amount now outstanding obligations of the city of Newport, Ky.,' which was passed at a regular meeting of the board of commissioners on the 20th day of March, 1928, undertook to and did authorize the execution and sale of funding bonds of the city of Newport in the sum of $100,000 for the purpose of taking up and paying off outstanding notes, judgments, and claims which represented, at the time of the passing of said ordinance, the floating indebtedness of the city of Newport. Said ordinance, as passed by the board of commissioners of the city of Newport, is filed herewith and made a part of this petition as fully and for all intents and purposes as if the same was copied at length herein and marked Exhibit 1. Plaintiff says that the aforesaid ordi-

nance was unanimously passed by the board of com-- missioners of said city; that all of the indebtedness amounting to more than $100,000 which the proceeds derived from the sale of said bonds is to be used to cancel, take up, pay, and discharge is evidenced by notes, judgments, and outstanding claims against the city of Newport, now in the hands of various persons, corporations, banks, or trust companies, and all bearing interest at the rate of 6 per cent. and due and payable; that said indebtedness was contracted and incurred in the years 1924, 1925, 1926, and 1927, and the board of commissioners of the city of Newport have recognized and are treating the same as valid and binding obligations of the city of Newport in the sum of $100,000, and are now due and payable at the city depository, and said defendants have provided no funds or levied no tax with which to meet the payment of said notes or claims.''

The Exhibit No. 1 above referred to, and made a part of the petition, is Ordinance No. 843, the first paragraph thereof being as follows:

''Whereas, the city of Newport is now indebted in the sum of $100,000 legally incurred and contracted by the city of Newport, in the years 1924, 1925, 1926, and 1927, for the construction of streets, sewers, extensions, repairs, and upkeep of public buildings, waterworks system owned by said city, and lighting the streets and public places of said city, and notes, judgments, and court costs and other expenses lawfully incurred, which indebtedness is evidenced by notes, judgments, and claims against the city of Newport, now in the hands and held by various persons, firms, and corporations; and

''Whereas, said $100,000 so incurred and contracted is, and the same is hereby declared to be, a valid and binding obligation of said city of Newport, Kentucky.''

The petition sets forth the taxable property value in the city for the year 1927 at $22,448,200, and that the outstanding bonded indebtedness of the city is $1,299,-332.85. Section 158 of the Constitution is as follows:

''The respective cities, towns, counties, taxing districts and municipalities shall not be authorized

or permitted to incur indebtedness to an amount, including existing indebtedness, in the aggregate exceeding the following named maximum percentages on the value of the taxable property therein, to be estimated by the assessment next before the last assessment previous to the incurring of the indebtedness, viz.: Cities of the first and second classes, and of the third class having a population exceeding fifteen thousand, ten per centum (10%).''

It will be seen from the foregoing provision of the Constitution that its terms are in no wise violated by the issual of the proposed bonds. If the indebtedness for which they are issued is a binding obligation against the city, and from the allegations of the petition, together with the exhibit from the ordinance filed therewith, it will be seen that the petition admits the legality of the floating debt of the city to the extent of the proposed bond issue, and nowhere states that any part of the said indebtedness is not just or owing by the city. It appears that the indebtedness was caused by the commissioners' failing to levy a sufficient tax in the years 1924, 1925, 1926, and 1927 to meet the expenses of the city in paying its firemen and policemen and repairing its streets, waterworks, and other public duties incumbent on it. Likewise in the year 1924 $35,000 indebtedness was incurred by the purchase of water from the city of Covington to furnish the inhabitants of Newport during the time when the waterworks system was inadequate and insufficient to supply water for the inhabitants and to give fire protection to said city and the residents thereof, and that the sum of $10,141.59 was expended in repairing the city waterworks in that year, which was an additional drain on the public treasury of the appellee city, and this fact, coupled with the lack of laying a tax levy sufficient to pay same, brought about the deficit in the funds of the city and leaves a floating debt of the city to the amount of more than $100,000, which it is alleged consists of judgments against the city, notes outstanding, and warrants unpaid, all drawing interest at the rate of 6 per cent. per annum, and the city without funds available with which to pay same, and that a tax levy on the property for any one year would not be sufficient to take up said indebtedness and meet the current expenses and would likewise be burdensome to the taxpayers to undertake to pay said

indebtedness by levy as above set out, and, in view of this fact, the commissioners of said city sought and proposed by the ordinance herein referred to, to issue and sell bonds, and, in fact, have them contracted now at par and to bear interest at the rate of 4½ per cent., thereby saving to the city a difference between the interest on the outstanding indebtedness of 6 per cent. and the bonds 4½ per cent., and instead of being payable out of the levy for any one year, the ordinance provides that a sinking fund be set aside for the purpose of retiring the bonds through a period of 20 years, together with a sufficient fund for the payment of interest on the bonds semi-annually.

This precise question was before this court in the case of Vaughn v. City of Corbin, et al., 217 Ky. 521, 289 S. W. 1104, decided January 11, 1927, and in disposing of the question of the legality of the issual of bonds as herein the court held that the city was clothed with such authority and the issual of the bonds was upheld. The language used follows:

> "The issuing of bonds to fund a floating debt adds nothing to the indebtedness of the city. It merely changes the form of the existing debt. The power to fund a floating indebtedness is as broad as the power to incur such indebtedness."

The credit of the city is impaired and it is handicapped by lack of sufficient funds to pay the interest on such a large floating debt and meet its current necessary expenses incident to the upkeep of the city.

The case above cited was approved by this court in the very recent case of Wilson, et al. v. City of Covington, 220 Ky. 795, 295 S. W. 1069, and a reference to this case will disclose facts almost identical with those pleaded here and is authority herein; also in 220 Ky. 798, 295 S. W. 1068, case of same style and likewise holds the same same as above.

For the reasons set forth in the opinion herein referred to, the circuit court properly sustained the demurrer to the petition, and the judgment is affirmed.