## Welch v. City of Nicholasville, et al.

(Decided June 27, 1928.)

Appeal from Jessamine Circuit Court.

Municipal Corporations.—City of fourth class held to have power, under Constitution, sec. 158, and Ky. Stats., secs. 3481, 3490, to issue refunding bonds, proceeds of which were to be used to retire outstanding bonds, without calling election and submitting matter to vote of people.

JOHN H. WELCH in pro. per.

ROBERT J. DENNY for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Nicholasville is a city of the fourth class. The city is indebted in the aggregate sum of $60,000 upon three bond issues duly authorized by the consent of two-thirds of the voters of the city in elections duly held as provided by law since the adoption of the present Constitution. The bonds are now payable at the option of the city. The board of council on June 4, 1928, passed an ordinance providing for the payment of the outstanding bonds by the issuance of refunding bonds at a lower rate of interest. The proceeds of the new issue can only be used to retire the outstanding bonds as they are presented for

payment. The council has made a contract with bankers by which the latter agree to buy at par the new bonds, which will reduce the interest rate on the debt to 4¾ per cent., which is considerably less than the rate on the old bonds. This suit was filed by a taxpayer under the Declaratory Judgment Act to determine whether the city has the power to issue the new bonds without calling an election and submitting the matter to a vote of the people.

The validity of the old debt is conceded; the outstanding bonds were legally issued as provided by law. Section 158 of the Constitution provides the limit of indebtedness that may be incurred by a municipality. But the section concludes with these words:

"Nothing herein shall prevent the issue of renewal bonds, or bonds to fund the floating indebtedness of any city, town, county, taxing district or other municipality.

In Gaulbert v. City of Louisville, 97 S. W. 342, 30 Ky. Law Rep. 50, where this precise question was presented, the court said:

"This indebtedness is one which, under section 158 of the Constitution, may be refunded by the issuance of new bonds and mortgage to secure same, without first submitting the matter to a vote of the people."

A number of previous opinions are cited there. To the same effect is Culbertson v. City of Louisville, 138 Ky. 747, 128 S. W. 292, 129 S. W. 95.

In Vaughn v. City of Corbin, 217 Ky. 524, 289 S. W. 1105, sustaining a like bond issue, the court said:

"The issuing of bonds to fund a floating debt adds nothing to the indebtedness of the city. It merely changes the form of the existing debt."

To same effect see Wilson v. City of Covington, 220 Ky. 795, 295 S. W. 1069; Id., 220 Ky. 798, 295 S. W. 1068.

It is urged that the act governing cities of the fourth class contains no provision, such as section 3284, Kentucky Statutes, governing cities of the third class. The cases above cited involve cities of the first, second, or third classes. But it has been steadily ruled by this court that section 158 of the Constitution is self-executing, and that no legislative enactment could be more forceful or

binding than the constitutional enactment itself. Holz-hauer v. Newport, 94 Ky. 396, 22 S. W. 752, 15 Ky. Law Rep. 188; Beard v. City of Hopkinsville, 95 Ky. 239, 24 S. W. 872, 15 Ky. Law Rep. 756, 23 L. R. A. 402, 44 Am. St. Rep. 222; O'Mahoney v. Bullock, 97 Ky. 774, 31 S. W. 878, 17 Ky. Law Rep. 523.

Section 3481, Kentucky Statutes, governing cities of the fourth class, provides that these cities shall be bodies politic and corporate, and may contract and be con-tracted with as such; by section 3490, the council is given power to pass "ordinances not in conflict with the Con-stitution or laws of this state or the United States." The power to contract and be contracted with and to pass "ordinances not in conflict with the Constitution or laws of this state or of the United States" carries with it the power to exercise a reasonable judgment in the manage-ment of the affairs of the city, and, as section 158 of the Constitution is self-executing, the city has the power to issue refunding bonds when, in the exercise of good busi-ness judgment, this is the proper course to take for the best interests of the city. This question was directly in-volved in Wilson v. City of Covington, 220 Ky. 795, 295 S. W. 1069, and in Davis v. City of Newport, 224 Ky. 546, 6 S. W. (2d) 693, for these cases turned on the powers of second class cities under the Act of March 19, 1894, which contains no provision like section 3284, Kentucky Statutes. The opinions above cited as to cities of the first class are not rested on any like provision in the act governing cities of the first class.

The circuit court therefore properly held the refund-ing bonds valid. Judgment affirmed.

Whole court sitting.