## Wilson v. Board of Education of City of Russellville.

(Decided November 27, 1928.)

Appeal from Logan Circuit Court.

1. Schools and School Districts.—City board of education had power to issue bonds to refund valid outstanding bonds without obtaining assent of voters under Constitution, sec. 158, since no additional liability was thereby created and only the form of the existing debt was thereby changed.

2. Schools and School Districts.—Ky. Stats. Supp. 1928, sec. 3563, authorizing school districts to agree in writing to pay their proportionate part of public improvements in front of their property, held violative of Constitution, sec. 184, prohibiting appropriation of any part of school fund to other than common school purposes, and school board could not issue bonds to pay its part of the cost of street improvements, in view of Constitution, sec. 183.

JOHN A. WHITAKER for appellant.

COLEMAN TAYLOR for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming in part and reversing in part.

In the year 1908, the board of education of the Russellville graded school district, with the assent of two-

thirds of the voters voting at an election regularly called and held for that purpose, issued bonds to the amount of $12,500 for the purpose of providing school facilities for the district. About one-half of these bonds are outstanding, while the other half has been paid with money borrowed for that purpose. Recently the board of education entered into a contract by which it agreed to pay its proportionate part of certain street assessments amounting to about $3,000.

A short time ago the board of education passed a resolution providing for the issuance and sale of refunding bonds sufficient to discharge the indebtedness incurred in the year 1908, and to pay its part of the street improvements.

This action was brought by W. E. Wilson, a citizen and taxpayer, against the board of education of the city of Russellville and its members, to enjoin the proposed action. The chancellor adjudged that the board of education had the power to issue the bonds, and the relief prayed for was denied. The taxpayer appeals.

1. It is conceded that the bonds issued in the year 1908 are valid obligations. About one-half of these bonds are still outstanding. The other half has been paid with money borrowed for that particular purpose. The issuance of bonds to refund these obligations adds nothing to the indebtedness of the board. Only the form of the existing debt is changed. The power to fund a valid debt is as broad as the power to incur the debt. As the bonds proposed to be issued for the purpose of discharging the indebtedness first incurred in the year 1908 will impose no additional liability, the assent of the voters is not necessary, and we agree with the chancellor that these bonds will be a valid obligation of the board. Section 158, Constitution. Vaughan v. City of Corbin, 217 Ky. 521, 289 S. W. 1104; Welch v. City of Nicholasville, 225 Ky. 312, 8 S. W. (2d) 400.

2. The next question for decision is whether the board may issue bonds to pay its part of the cost of street improvements. It is insisted that authority to do this is conferred by section 3563, Kentucky Statutes. Baldwin's 1928 Supplement, which reads in part as follows:

"The cost of improvements in front of property owned by a cemetery company or by a public school district or by the county or the state or the

United States shall be paid by the city unless said owners, through their duly constituted authorities, shall agree in writing to pay for their proportional part of said improvements and the duly appointed authorities in any school district and in any county. and in the state are hereby given authority to enter into contracts for that purpose. No lien for the cost of any such improvement shall be created against any property owned by the United States or by the State of Kentucky or by any school district or against property used for cemetery purposes.''

Conceding that this statute authorizes the board to agree in writing to pay its proportionate part of the improvements in question, there remains the further question whether the statute is constitutional. Section 183 of the Constitution provides as follows:

"The general assembly shall, by appropriate legislation, provide for an efficient system of common schools throughout the state.''

Section 184 of the Constitution is, in part, as follows:

"The bond of the commonwealth issued in favor of the board of education for the sum of one million three hundred and twenty-seven thousand dollars ($1,327,000.00) shall constitute one bond of the commonwealth in favor of the board of education, and this bond and the seventy-three thousand five hundred dollars ($73,500.00) of the stock in the Bank of Kentucky, held by the board of education, and its proceeds, shall be held inviolate for the purpose of sustaining the system of common schools. The interest and dividends of said fund, together with any sum which may be produced by taxation or otherwise for purposes of common school education, shall be appropriated to the common schools, and to no other purpose.''

The precise question was before the Court in City of Louisville v. Leatherman, 99 Ky. 213, 35 S. W. 625, 18 Ky. Law Rep. 124. After calling attention to the foregoing provisions of the Constitution, the court laid down the rule that the appropriation of any part of the school fund, either to the payment of general taxes for the support of the state government, or to the payment of spe-

cial assessments for street improvements, would be an appropriation thereof to other than common school purposes, and was therefore forbidden by section 184, Constitution, supra. Manifestly, if the Constitution forbids the use of the common school fund for the purpose of paying street improvement assessments, the Legislature is without authority to authorize such use.

In so far as it adjudges that the board of education has authority to issue bonds for the purpose of refunding any portion of the 1908 indebtedness remaining unpaid, whether in its original or substituted form, the judgment is affirmed, but so much of the judgment as adjudges that the board has authority to issue bonds to pay its share of the cost of street improvements is reversed and the cause remanded, with directions to enjoin the issuance of any bonds for that purpose.

Whole court sitting.