## Davis v. City of Newport et al.

(Decided June 16, 1931.)

JAMES B. MILLIKEN for appellant.

ARTHUR J. DALY for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Newport, a city of the second class, operates under the commission form of government. An ordinance was enacted providing for the funding of a floating indebtedness of the city. Edward J. Davis, a citizen, resident and taxpayer of the city, instituted an action against the city and its administrative officials to declare the ordinance invalid and to enjoin the issuance and sale of the bonds. The circuit court sustained a demurrer to the petition, and the action was dismissed when the plaintiff declined to plead further. The plaintiff has prosecuted an appeal, insisting that the city may not issue bonds to fund a floating debt under the circumstances delineated in the petition. It is not contended that the averments are adequate to affect the validity of the debts to be funded, but it is insisted that no statutory authority exists for the issuance of such bonds. The same contention was advanced and found unsubstantial in a similar case between the same parties. Davis v. City of Newport, 224 Ky. 546, 6 S. W. (2d) 693. The authority against the argument for appellant is abundant. Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104; City of Covington v. O. F. Moore Co., 218 Ky. 102, 290 S. W. 1066; Wilson v. City of Covington, 220 Ky. 795-798, 295 S. W. 1069; Welch v. Nicholasville, 225 Ky. 312, 8 S. W. (2d) 400; Wilson v. Board of Education, 226 Ky. 476, 11 S. W. (2d) 143; Masonic Home v. City of Corbin, 229 Ky. 375, 17 S. W. (2d) 215; City of Frankfort v. Fuss, 235 Ky. 143, 29 S. W. (2d) 603; Hogan v. Lee Fiscal Court, 235 Ky. 100, 29 S. W. (2d) 611; Pike County v. Day & Night National Bank, 236 Ky. 202, 32 S. W. (2d) 969; Eliott v. Fiscal Court of Pike County, 237 Ky. 797, 36 S. W. (2d) 619; Hall v. Fleming County Fiscal Court, 239 Ky. 425, 39 S. W. (2d) 656.

The present appeal is governed by the previous decisions which make it plain that the demurrer to the petition was properly sustained. The allegations, so far as necessary to note them in this connection, may be summarized in a few sentences. The city in the years 1929

and 1930 contracted floating debts amounting to $146,757.51, evidenced by notes, judgments, and outstanding claims in the hands of various persons and corporations, all bearing interest at the rate of 6 per cent. per annum. The ordinance provided for a bond issue of $145,000, bearing 4¾ per cent. interest to fund the debts. The reasons the various debts were incurred are set forth in detail, and it was alleged that all the debts were incurred for legitimate purposes. It was averred that the city failed "to levy and collect a tax sufficient to defray the costs of government and that the tax rate actually levied was not the maximum permitted by the Constitution and Charter of the city." The total valuations of property for the years 1929 and 1930 were given and the levies made in each of those years for municipal purposes was $1.87 on each $100 of taxables, portions of which were for interest, sinking funds, and other special levies.

The total bonded indebtedness at the beginning of 1931 was $1,646,490.36 and the limit of indebtedness fixed by the Constitution would not be exceeded by the proposed issue of bonds.

In Baker v. Rockcastle County, 225 Ky. 99, 7 S. W. (2d) 846; Rowland v. City of Paris, 227 Ky. 570, 13 S. W. (2d) 791; and King v. Christian County Board of Education, 229 Ky. 234, 16 S. W. (2d) 1053, it was pointed out that a petition to enjoin the issuance of bonds must set forth in traversable form facts showing some substantial ground for granting the relief sought, and, in the absence of a proper pleading and proof of such facts when denied, we will uphold the action of the circuit court in dismissing the action, but withhold the expression of an opinion respecting the validity of the proposed bond issue.

Plainly no facts are set forth in the petition in this case to warrant the relief sought.

Since the dismissal on demurrer for the defective statement of a cause of action, or because of the omission to state facts pertinent to a good cause of action, constitutes no bar to another suit (Robeson v. Yann, 224 Ky. 57, 5 S. W. (2d) 271; Pepper v. Donnelly, 87 Ky. 259, 8 S. W. 441, 10 Ky. Law Rep. 140; Thomas v. Bland, 91 Ky. 1, 14 S. W. 955, 12 Ky. Law Rep. 640, 11 L. R. A. 240; Coleman-Clark Grocery Co. v. Covington Bros. & Co., 186 Ky. 738, 217 S. W. 889), we are not authorized, upon this record, to determine the validity of the proposed

bond issue. The ruling of the circuit court, upon the facts presented by the petition and agreed statement of facts, which may be treated as an amendment to the petition, was clearly correct.

The judgment is affirmed.

Whole court sitting.