## Pace v. City of Paducah.

(Decided December 18, 1931.)

E. PALMER JAMES for appellant.

W. V. EATON for appellee.

Opinion of the Court by Judge Rees—Affirming.

Paducah, a city of the second class, operates under the commission form of government. On November 23, 1931, an ordinance was enacted providing for the funding of the floating indebtedness of the city, amounting to $350,000. This indebtedness is represented by notes held by various banks and trust companies located in Paducah, St. Louis, and New York.

Claude C. Pace, a citizen, resident, and taxpayer of the city, instituted this action under the Declaratory Judgment Act (section 639a-1 et seq., Civil Code of Practice), seeking a declaration of rights as to whether or not the city has the right, power, and authority to issue and sell the proposed bonds, and as to whether or not the proposed bonds, if issued and sold, will represent a binding and enforceable obligation against the city. He also prayed for an injunction restraining the city from issuing and selling the bonds.

The case was submitted upon the pleadings and exhibits, and the lower court adjudged that the floating indebtedness, which the city proposed to fund by the issuance of bonds extending over a period of 25 years, was valid, and that the city is authorized under section 158 of the Constitution to issue bonds to take up such floating indebtedness without submitting the question to a vote of the people. The plaintiff has appealed.

The record before us presents the facts fully and clearly, and it appears that the floating indebtedness was valid when created. The amount of property assessed for taxation in the city for the year 1930 was more than $21,000,000 and for 1931 was more than $20,000,000. For 1930, the anticipated income for city purposes was more than $651,000, and for 1931 the anticipated income was more than $572,000. On January 2, 1931, the board of commissioners enacted an ordinance authorizing and directing the mayor and commissioner of public finance

to borrow the sum of $250,000 for the use and benefit of the city of Paducah, and the revenues of the city for the first half of the year 1931, were pledged as security therefor. On March 16, 1931, and May 19, 1931, similar ordinances were enacted authorizing the mayor and commissioner of public finance to borrow $50,000 and $25,000, respectively. On July 6, 1931, an ordinance was enacted authorizing and directing the mayor and commissioner of public finance to borrow the sum of $90,000, and the revenues of the city for the fiscal half year ending December 31, 1931, were pledged as security for the loan. On July 18, 1931, a similar ordinance was enacted authorizing the mayor and commissioner of public finance to borrow $90,000. In all, the sum of $505,000 was borrowed during 1931 in anticipation of the revenues of the city for that year. Approximately $155,000 have been paid on this indebtedness, leaving a balance unpaid in the form of outstanding notes of the city of $350,000. The revenue of the city for the year has been exhausted.

When the notes were executed, there was a sufficient amount of uncollected taxes and other revenues of the city which could be anticipated to meet them; but, instead of paying off these notes out of taxes when they were collected, the taxes have been spent for other purposes. The board of commissioners had authority to borrow money on behalf of the city in anticipation of the revennes for the year, but the holders of the notes executed by the city had a lien on the uncollected taxes, and, when collected, these taxes should have been applied first to the payment of the notes. The indebtedness evidenced by the notes, however, was legal when created, and is not rendered illegal simply because the board of commissioners improperly and wrongfully applied the taxes, when collected, to other purposes. As said in City of Covington v. O. F. Moore Co., 218 Ky. 102, 290 S. W. 1066, 1068:

> "If the contract was valid when made, it could not thereafter be invalidated by the city by making expenditures for other purposes in excess of its revenue for the year. Persons entering into contracts with a city are bound to take notice of the constitutional limitation and to know the rights and powers of the city officials to make contracts, but they are not bound to anticipate that illegal claims will be incurred by officers willing to violate the Constitution."

It is argued that the ordinance providing for the funding of the floating indebtedness of the city is invalid for the reason that it is not made to appear in the ordinance itself that the anticipated revenues of the city exceeded the amount of the loans when they were obtained and that the indebtedness was valid when created. It was not necessary to set forth in the ordinance, or the preamble thereto, facts showing the validity of the debt proposed to be funded. If, in fact, the debt was valid when created, the ordinance is valid. The answer and exhibits attached thereto fully present the facts as they were when the indebtedness was created and when the ordinance was enacted. These facts establish satisfactorily the validity of the indebtedness to be funded. The indebtedness of the city, when this floating indebtedness is added to the existing bonded indebtedness, does not exceed the limit prescribed by section 158 of the Constitution.

Appellant's principal contention is that the board of commissioners is without authority to issue bonds for the purpose of funding a floating indebtedness, even if such indebtedness is valid. The concluding words of section 158 of the Constitution are as follows: "Nothing herein shall prevent the issue of renewal bonds, or bonds to fund the floating indebtedness of any city, town county, taxing district or other municipality." Prior to the decision in Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104, this provision had been construed as applying only to floating indebtedness incurred prior to the adoption of the Constitution. McCrocklin v. Nelson County Fiscal Court, 174 Ky. 308, 192 S. W. 494; Nelson County Fiscal Court v. McCrocklin, 175 Ky. 199, 194 S. W. 323; Buford v. Jessamine County, 189 Ky. 277, 224 S. W. 769; Carman and University of Kentucky v. Hickman County, 185 Ky. 630, 215 S. W. 408. It was also held in these cases that a valid indebtedness which is not paid during the year in which it is contracted might be carried over to the succeeding year and considered a part of the indebtedness of that year, but that such floating indebtedness could not be carried from year to year and allowed to accumulate and increase beyond the total revenue or income of the municipality for any year. In Vaughn v. City of Corbin, supra, this court departed from the rule announced in the McCrocklin Cases, and construed the provision of section 158 of the Constitution, quoted above, as applying to floating indebtedness incurred sub-

sequent to the adoption of the Constitution, and it was held that a valid floating indebtedness of a municipality could be transmuted into bonds payable over a period of years without a vote of the people. The construction placed on section 158 of the Constitution in the Vaughn Case has been approved in a number of recently decided cases. Wilson v. City of Covington, 220 Ky. 795, 295 S. W. 1069; Wilson v. City of Covington, 220 Ky. 798, 295 S. W. 1068; Davis v. City of Newport, 224 Ky. 546, 6 S. W. (2d) 693; Baker v. Rockcastle County Court, 225 Ky. 99, 7 S. W. (2d) 846; Rowland v. City of Paris, 227 Ky. 570, 13 S. W. (2d) 791; City of Frankfort v. Fuss, 235 Ky. 143, 29 S. W. (2d) 603; Hogan v. Lee Fiscal Court, 235 Ky. 100, 29 S. W. (2d) 611; Elliott v. Fiscal Court of Pike County, 237 Ky. 797, 36 S. W. (2d) 619; Hall v. Fiscal Court of Fleming County, 239 Ky. 425, 39 S. W. (2d) 656.

Beginning with City of Frankfort v. Fuss, supra, Chief Justice Dietzman, Judge Thomas, and the writer of this opinion, have consistently registered their dissent from the majority view approving the ruling in the Vaughn Case, and have maintained that the opinion in that case is unsound and should be overruled. Their views on the question will be found in the dissenting opinion in City of Frankfort v. Fuss, supra, and they are of the opinion that section 1 of chapter 68, Acts of 1892, now section 3077, Kentucky Statutes, is strongly persuasive of the correctness of the views therein expressed. They have those convictions now, but in view of the numerous opinions in which the Vaughn Case has been followed and approved, they deem it to be the better policy to consider the question as definitely settled in accordance with the rule announced in that case, in order to allay all doubt as to the validity of bonds which have been, or may be, issued by a municipality for the purpose of funding a valid floating indebtedness.

The present appeal being governed by these decisions, it follows that the ordinance enacted by the board of commissioners of the city of Paducah on November 23, 1931, is valid, and the bonds proposed to be issued to fund the floating indebtedness of $350,000 will constitute a legal and binding obligation upon the city.

Judgment affirmed.

The whole court sitting.