## Bond v. City of Corbin.

(Decided December 18, 1931.)

R. C. BROWNING for appellant.

OSCAR W. BLACK for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Corbin, Ky., is a city of the third class. The appellant is a resident and taxpayer of that city. In June, 1931, the board of commissioners of the city adopted an ordinance providing for the issuance and sale of $25,000.00 bonds of the city, bearing 6 per cent interest, pay-

able semiannually on June 3 and December 1, each year, interest evidenced by coupons attached and numbered 1 to 25 of $2,000 each, and maturing June, 1941 to 1948, inclusive, and the $3,000, on June 1, 1949 to 1951, both interest and principal payable at the Central Hanover Bank & Trust Company, in the city and state of New York. The ordinance provided for the levy and collection of an annual tax on all taxable property within the corporate limits of the city, including the property of the appellant, sufficient to pay the interest and principal of the proposed issue of $25,000. It was recited in the ordinance that the city had issued, and there were outstanding against the city, $84,000 bonds and $75,000 funding bonds, aggregating $159,000, as its bonded indebtedness of date June 1, 1931; that there had accumulated and was in the hands of the treasurer of the city a sinking fund of $39,349.27, which, when deducted from the bonded indebtedness of the city, left owing by it on its bonded indebtedness, $118,560.73. It was further recited that the assessed valuation of the taxable property within the corporate limits in the year 1930 was $2,930,-333.53, and that its estimated assessable value of 1931 would equal its assessed value of 1930; that the city was authorized legally to levy and collect a special tax of 20 cents on each $100 of taxable property within the corporate limits, and by statute it was authorized to levy the regular rate of 75 cents per $100 thereon for the purpose of paying the cost of administration of the affairs of the city and interest on its bonded indebtedness and to create a sinking fund for the purpose of taking care of its bonds, including the proposed issue of $25,000. It was also set out in the ordinance that the city's indebtedness of $25,000 was incurred in the purchase of a building situated within the corporate limits of the city for the purpose of holding circuit courts, and that in the year 1930 it had paid of this sum $13,000, leaving a balance of $12,000 due of the original $25,000; that, by paying the $13,000 thereof, there was caused to be an outstanding indebtedness of $13,000, incurred in 1930 by the city in the payment of its current expenses which in effect left unpaid the $25,000, the contract price of the property purchased for the purpose of holding circuit courts in the city.

The appellant attacked the ordinance on the ground that its execution by the city will result in the city exceeding the constitutional limitation against incurring

indebtedness by a city. The circuit court dimissed his petition, and appellant appeals from this order. The appellant does not allege or prove that any portion of the existing indebtedness of the city or the indebtedness that will be incurred by the sale of the bonds to pay such existing indebtedness, was illegally contracted. In the absence of such allegation and showing by appellant, it must be taken for granted by this court that such indebtedness was legally contracted. Bradford v. City of Glasgow, 143 Ky. 401, 136 S. W. 647.

The validity of the indebtedness is not disputed. The amount thereof is not controverted. The estimated taxable value of the property within the corporate limits of the city is conceded. The 75 cents tax rate authorized to be collected by the city is admitted. A mere addition of the indebtedness and a calculation of the estimated taxable property by the rate of tax of 75 cents per $100 conclusively show that the city by the issuance of the $25,000 bonds will not exceed the limitation imposed by sections 157 and 158 of the Constitution.

It is suggested in brief that sections 4281u-1 to 4281u-6, Ky. Stats., forbidding the governing body of the city to "expend any money in excess of the amount annually levied and collected for that year by such . . . city," controls this case, and that the limitation of the city's indebtedness, as fixed by the Constitution, renders invalid the indebtedness sought to be bonded, and therefore the bonds should not be issued. A sufficient response to this contention is that nowhere in the pleading is it alleged, nor by the proof is it shown, that the indebtedness sought to be incurred by the bonds comes within the meaning of sections 4281u-1 to 4281u-6, or within the inhibition of the Constitution. While it is true that by applying $13,000 of the taxes collected in 1930 to the payment of the $25,000, thereby a like amount of current expenses of the city for 1930 remained unpaid and this sum is necessary to be considered to make the $25,000, the amount desired to be evidenced by the bonds of the city. It is alleged and not controverted that the current expenses so remaining unpaid and necessary to be considered to make the $25,000 were valid claims against the city. The $25,000 to be covered by the issuance of the bonds in effect is the debt owing by the city for the purchase of property which this court held valid in Masonic Widows' & Orphans' Home et al. v. City of Corbin, 229 Ky. 375, 17 S. W. (2d) 215. Therefore there

666

is no premise for insisting the debt to be bonded is invalid for any reason. The case of Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104, is conclusive of this one. The opinion in the Vaughn case has been approved in the following cases. Wilson v. City of Covington, 220 Ky. 798, 295 S. W. 1068; Davis v. City of Newport, 224 Ky. 546, 6 S. W. (2d) 693; Baker et al. v. Rockcastle County Court, 225 Ky. 99, 7 S. W. (2d) 846; Rowland v. City of Paris, 227 Ky. 570, 13 S. W. (2d) 791; City of Frankfort v. Fuss, 235 Ky. 143, 29 S. W. (2d) 603; Hogan v. Lee Fiscal Court, 235 Ky. 100, 29 S. W. (2d) 611; Elliott v. Fiscal Court of Pike County, 237 Ky. 797, 36 S. W. (2d) 619; Hall v. Fiscal Court of Fleming County, 239 Ky. 425, 39 S. W. (2d) 656; and Pace v. City of Paducah, 568 Ky. 241, 44 S. W. (2d) —, decided Dec. 18, 1931.

Wherefore the judgment is affirmed.