## Griffin v. City of Owensboro et al.

(Decided May 24, 1932.)

CLEMENTS & CLEMENTS and BEN D. RINGO for appellant.

JOHN A. DEAN, Jr., for appellee City.

CARY, MILLER & KIRK for other appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Owensboro is a proud and progressive city of this commonwealth with an excellent record for enterprise and an enviable reputation for respecting its obligations. This record raises an issue as to the right and authority of the city to issue and sell funding bonds to finance a valid indebtedness of the city already judicially determined. The action was instituted by a taxpayer of the city. The circuit court held the proposed bond issue valid, and the taxpayer has prosecuted an appeal.

The city of Owensboro belongs to the third class according to the last classification (section 2740, Ky. Stats.), and operates under the commission form of government (sections 3480b-1 to 3480b-29, Ky. Stats.). The indebtedness sought to be funded has been reduced to judgment, and its history may be found in the opinion of this court affirming the judgment. City of Owensboro v. Nolan, 242 Ky. 342, 46 S. W. (2d) 490.

Prior to July 15, 1929, the voters of the city had authorized a bonded indebtedness of more than $1,000,-000 for sewerage purposes. On the date mentioned, a contract was entered into with Thomas B. Nolan for the construction and completion of the sewerage system. The proceeds of the bond issue had been deposited with Caldwell & Co., and when the contract was completed the money not theretofore withdrawn had been lost through the failure of Caldwell & Co., and the insolvency of the surety company that had guaranteed the deposit. The city then found itself in the unhappy situation of having lost the money provided for the payment of the contractor, and having a just demand pressing for payment. It was to meet that situation that the board of commissioners of the city determined to issue bonds in an aggregate amount sufficient to raise the necessary funds to discharge the indebtedness. The proceedings of the legislative board were regular and pursued with precision the steps provided by statute.

The sole question suggested is the power of the city, in the circumstances narrated, to issue valid funding bonds, without a vote of the people.

When a municipality has a valid obligation outstanding and due, whether evidenced by a judgment, or otherwise, it must be discharged if the financial integrity of

the municipality is to be maintained. A municipality ordinarily has but a single means of meeting its obligations and of discharging its debts, and that is by the levy and collection of taxes for the purpose. If a single levy in one year for the whole of a debt would work unreasonable hardship on the taxpayers, the municipality, in its discretion, may fund the debt, providing, as required by the Constitution (section 159), for an annual levy sufficient to pay the current interest and to provide a redemption fund for the discharge of the entire debt at maturity.

Power is conferred by statute upon cities of the third class to fund any floating indebtedness of the city lawfully contracted. Section 3284, Ky. Stats. Moreover, section 158 of the Constitution provides that bonds issued to fund a valid floating indebtedness are not forbidden by anything contained in that section, and, in effect, authorizes the issuance of such bonds. Johnson v. Middleton, County Judge, 243 Ky. 251, 47 S. W. (2d) 1030. This subject has been considered and reconsidered recently by the whole court, and it must now be accepted as settled that a city has power and authority to issue bonds to fund a valid floating debt, without a vote of the people, and that such bonds, when issued in accordance with the provisions of the Constitution and the laws, are binding and enforceable obligations of such city. Vaughn v. City of Corbin et al., 217 Ky. 521, 289 S. W. 1104; Wilson v. City of Covington, 220 Ky. 798, 295 S. W. 1068; Wilson v. City of Covington, 220 Ky. 795, 295 S. W. 1069; Davis v. City of Newport, 224 Ky. 546, 6 S. W. (2d) 693; Baker v. Rockcastle County Court, 225 Ky. 99, 7 S. W. (2d) 846; Welch v. City of Nicholasville, 225 Ky. 312, 8 S. W. (2d) 400; Wilson v. Board of Education, 226 Ky. 476, 11 S. W. (2d) 143; Rowland v. City of Paris, 227 Ky. 570, 13 S. W. (2d) 791; City of Frankfort v. Fuss, 235 Ky. 143, 29 S. W. (2d) 603; Hogan v. Lee Fiscal Court, 235 Ky. 100, 29 S. W. (2d) 611; Elliott v. Fiscal Court of Pike County, 237 Ky. 797, 36 S. W. (2d) 619; Davis v. City of Newport, 239 Ky. 610, 40 S. W. (2d) 281; Pace v. City of Paducah, 241 Ky. 568, 44 S. W. (2d) 574; Bond v. City of Corbin, 241 Ky. 663, 44 S. W. (2d) 576; Johnson v. Middleton, 243 Ky. 251, 47 S. W. (2d) 1030. The cases have been reviewed, and the doctrine of them reaffirmed so recently that further repetition would be superfluous.

204

It follows that the circuit court correctly determined and declared the rights of the respective parties by its judgment in this case.

The judgment is affirmed.