## Fox v. Boyle County et al.

(Decided Sept. 27, 1932.)

HENRY JACKSON for appellant.

ADD LANIER for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The General Assembly, at its last session, passed two separate acts affecting the issuance of bonds by cities, counties, and taxing districts. One of the acts provided:

"All cities, counties, and taxing districts in the Commonwealth of Kentucky shall when issuing bonds for any purpose whatsoever make provision that in addition to the payment of interest annually or semiannually, make provision that a certain proportion of said bonds shall fall due annually and shall be called in and paid off, so that (at) the final maturity all bonds shall have been paid off and cancelled." Acts 1932, c. 23, p. 126.

The first section of the other act provided that it should be unlawful for any fiscal court, city council, board of trustees, or the governing authority of any taxing district, to issue or to offer for sale any bond or obligation until the issuance thereof had been approved by a court of competent jurisdiction, declaring such bonds to be based upon and designed to cover an indebtedness within the limitations of the Constitution respecting such indebtedness. It further provided that any bond sold, assigned, or transferred without the approval of such a court should be void, and its assumption or payment prohibited. In a second section of the act it was provided:

"In every action instituted for the purpose provided for in section one hereof, no bond or obligation of any county, city, municipality or other taxing district shall be approved by the court until and unless it is alleged and proven by such county, city, municipality or other taxing district that the indebtedness thereof and for which the bond is intended to evidence, was created and was within the constitutional limitation of the indebtedness thereof, and unless and until the county, city, municipality or other taxing district, shall in appropriate pleading set forth each and every item

of indebtedness, created and existing or unpaid and owing by the county, city, municipality or taxing district during the period of time in which the indebtedness was created and for which the proposed bond or bonds is intended to cover. And if it shall appear in such suit or action that the county, city or municipality or taxing district, that the officials in office at the time of the creation of such indebtedness have not had due regard for the finances of the county, city, municipality or other taxing district, during the time in which said indebtedness was created, then the court shall not have the right and power to approve such bond issue. On all disputed issues, in such action or suit, the burden of proof shall be on the county, city, municipality or taxing districts.'' Acts 1932, c. 22, p. 124.

In 1926 Boyle county issued $100,000 of road and bridge bonds bearing 4½ per cent. interest, which had been authorized by a vote of the people. In September, 1931, $10,000 of the issue matured and was retired. A like portion of the bonds was to mature on September 2, 1932. In May, 1932, the fiscal court adopted an order to renew the bonds next maturing by issuing new bonds for $10,000 bearing 5 per cent. interest and maturing in 1941. The purpose was to lessen the present burden on the taxpayers by reducing the tax levy during the depression. A taxpayer brought this action to enjoin the renewal of any part of the bonded debt and to compel its payment when and as it matured.

It was alleged by the plaintiff, and admitted by the defendants, that the bonded debt of the county was $90,000 and the current indebtedness was $31,500, payable out of current revenues. The total assessed value of property for taxation in Boyle county was $21,880,978, and the constitutional limit of indebtedness was not exceeded by the existing debts or by the proposed bond issue, or by both combined. Constitution, sec. 158.

The plaintiff challenges the power of the fiscal court to renew a bonded debt; it being asserted that a levy must be made to pay the portion thereof presently maturing. The fiscal court, within the limits provided by the Constitution, may make a levy to provide the

annual interest on a valid debt, and to provide a sinking fund to retire the whole obligation at its maturity. Indeed, it is required to do so by a mandatory provision of the Constitution (section 159). E. T. Lewis Co. v. City of Winchester, 140 Ky. 244, 130 S. W. 1094; Ballard v. Shelbyville, 180 Ky. 135, 201 S. W. 452. But the choice of means within its power is left to the discretion of the fiscal court, and, if that body deems it wise to renew a bonded indebtedness instead of paying it, its decision in that respect may not be disturbed. Pace v. Paducah, 241 Ky. 568, 44 S. W. (2d) 574; Bond v. City of Corbin, 241 Ky. 664, 44 S. W. (2d) 576; Griffin v. Owensboro, 244 Ky. 201, 50 S. W. (2d) 514. In the present case the circuit court approved the action of the fiscal court, and the taxpayer has prosecuted an appeal. The question is whether the approval of the circuit court was justified.

It is necessary to consider the effect of the Statutes enacted in 1932, which are set forth in substance at the beginning of this opinion. In so far as chapter 23 is concerned, its obvious purpose was to restrict the powers of cities, counties, and taxing districts by compelling them to discharge a portion of the bonds annually so that all of the issue would be extinguished in advance of the date fixed for final maturity. But such purpose runs counter to the Constitution, and cannot be enforced upon the counties, cities, or taxing districts. Section 159 of that instrument reads:

"Whenever any city, town, county, taxing district or other municipality is authorized to contract an indebtedness, it shall be required at the same time, to provide for the collection of an annual tax sufficient to pay the interest on said indebtedness, and to create a sinking fund for the payment of the principal thereof, within not more than forty years from the time of contracting the same."

The limitation is mandatory, and is addressed to the Legislature as well as to the local legislative bodies. It is not competent for the General Assembly to nullify the plan of financing authorized by the Constitution, or to lessen the range of discretion left to the local governments in such matters. City of Winchester v. Nelson, 175 Ky. 63-72, 193 S. W. 1040; Harris v. Mor-

ganfield, 201 Ky. 588, 257 S. W. 1032. The cities, counties, and taxing districts may provide for the maturity of their obligations as may be deemed best, within the period fixed by the Constitution, but the Legislature may not impose further restrictions on such subordinate governing authorities incompatible with the policy established by the supreme law. Clearly, the approval of the court could not be denied in this instance because of the failure to conform to chapter 23 of the Acts of 1932, which is unconstitutional and invalid, when all of the provisions of the Constitution applicable to the subject-matter had been observed and obeyed.

Chapter 22 of the Acts of 1932 conditions the validity of the bond issues therein described upon the approval of a court of competent jurisdiction. The approval of such court is conditioned upon a finding that the proposed bond issue does not exceed the limitations of the Constitution. The circuit court is not authorized to review or revise the discretion of the fiscal court, but is limited to the ascertainment and declaration of facts regarding the validity of the debt under the constitutional restrictions. The procedure is regulated so as to place the burden upon the county, or other municipality, to allege and prove (a) that the debt proposed to be bonded was within the constitutional limitations, and (b) that all items of outstanding indebtedness created or existing during the period in which the debt to be bonded was incurred and intended to cover are specifically set forth. These essential allegations were presented in the pleadings of the plaintiff and admitted by the demurrer of the defendants. Affidavits were filed proving the facts alleged, and the requirements of the act were substantially satisfied.

Under the practice heretofore prevailing, the burden was upon the taxpayer assailing a proposed bond issue to set forth facts warranting the relief sought. Davis v. Newport, 239 Ky. 610, 40 S. W. (2d) 281. Under the new statute, the approval of the court cannot be obtained unless the facts affecting the constitutional validity of the proposed bond issue are presented, and it is made the duty of the municipality to adduce such facts. But, when the facts are presented and undisputed, it is not material which party may have pleaded them. Cf. U. S. F. & G. Co. v. Miller, 237 Ky. 43, 34 S. W. (2d) 938, 76 A. L. R. 12.

The portion of the statute (Acts 1932, c. 22, sec. 2) denying the right of the court to approve a bond issue "if it shall appear * * * that the officials in office at the time of the creation of such indebtedness have not had due regard for the finances of the county * * * during the time in which said indebtedness was created," must necessarily mean that the debts referred to had been contracted in disregard of the Constitution. Since the debt involved in this case was valid and created in accordance with the Constitution, the circuit court was bound to give its approval.

The renewal bonds proposed to be issued were within the limits defined by the Constitution, and in such cases the court would not be warranted in withholding its approval. The decision to renew rather than to pay the bonds maturing this year was within the power of the fiscal court and not within the province of any other tribunal.

The judgment is affirmed.